UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL PEREZ GUZMAN,<br>Petitioner,<br>v.<br>ACTING WARDEN, et al.,<br>Respondents. | Case No. 5:26-cv-04091-PD<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**<br><br>**A# 205-712-889** |

Miguel Angel Perez Guzman ("Petitioner") filed a counseled, verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. The Court has considered the Petition, the attached exhibits, Respondents' answer, and Petitioner's traverse. For the reasons stated below, the Petition is granted in part.

## I. Background

Petitioner is a national and citizen of Mexico who entered the United States without inspection at the age of fifteen and has resided here for over twenty-five years. Dkt. No. 1, Petition ¶ 18. He is now 39 years old and married to a United States citizen; he is a father of four United States citizen

children who are minors.[1] *Id.* ¶¶ 10, 18. Petitioner is the primary supporter for his entire family. *Id.* ¶ 18.

Petitioner was arrested for grand theft and then convicted on November 14, 2007 for violating California Penal Code § 487(a). *See id.* at 27–64 (state court filings in the criminal case).

He was placed in removal proceedings under 8 U.S.C. § 1229(a) on January 27, 2021. *See id.* at 5, 24. On August 24, 2023, the immigration judge denied Petitioner's applications for relief and ordered him removed to Mexico due to his underlying deportable conviction. *Id.* ¶ 19. Petitioner filed a timely appeal on September 18, 2023, which remains pending. *Id.*

After the immigration judge's decision, Petitioner was placed on supervision and ankle monitoring which allowed him to remain out of custody as he was found to be neither a flight risk nor a danger to anyone. *Id.* ¶ 20. He has complied with all conditions of his supervision and release, reporting to U.S. Immigration and Customs Enforcement ("ICE") twice a month and has never missed an appointment.[2] *Id.* at 18.

On May 6, 2024, Petitioner's conviction was vacated under Penal Code § 1473.7(a)(1) by the Superior Court of the State of California "on the grounds that it was legally invalid, by reason of a legal defect that was in existence at the time the conviction first arose and violated [Petitioner's] Fifth and Fourteenth Amendment constitutional rights to a knowing, voluntary, and intelligent plea." *Id.* at 27.

[1] Additionally, one of his children has Attention-Deficit/Hyperactivity Disorder ("ADHD") and requires medical attention. Petition at 18, ¶ 7.

[2] Petitioner alleges that for the past three years, he had been reporting twice a month to an ICE officer: he reported to the ICE office once a month and completed a home visit every month. He asserts he "never missed an appointment with them." Dkt. No. 1 at 18, ¶ 10.

According to Petitioner, after his conviction was vacated, he filed a motion with the Board of Immigration Appeals ("BIA") "to remand the matter back to the immigration judge as [he] is no longer deportable on account of a criminal ground," but the BIA has "not yet ruled on said motion." *Id.* ¶ 19.

On or about June 26, 2026, Petitioner was arrested by local police after his teenage daughter accused him of hitting her, a claim which he vehemently denies. *Id.* ¶ 21; *see also* Dkt. No. 1 at 18 (Petitioner's declaration explaining his version of the events leading to the arrest). He was released the next morning and no charges were filed. *Id.* ¶ 21. While Petitioner was in state custody, a police officer removed his ankle monitor. *Id.* Once released from state custody, Petitioner contacted his Intensive Supervision Appearance Program ("ISAP") supervisor and told him the monitor was removed while in police custody. *Id.* Respondents ordered Petitioner to appear on June 29, 2026, to the San Bernardino office, which he believed was for the re-fitting of his ankle monitor. *Id.* However, when he appeared, Respondents took Petitioner into custody on the ground that he had tampered with his ankle monitor, a claim Petitioner alleges they knew or should have known was false. *Id.*

Respondents did not have an I-200 warrant for Petitioner's arrest at the time they took him into custody. *Id.* ¶ 22. He was not provided notice of the revocation of his order of supervision, an opportunity to respond, or a pre-deprivation hearing before a neutral adjudicator. *Id.* ¶ 23. According to Petitioner, Respondents have refused to provide him an individualized bond hearing where the burden is placed on the Department of Homeland Security ("DHS") to establish flight risk or dangerousness. *Id.* ¶ 25.

## II. Discussion

The Petition raises four claims: (1) Petitioner's re-detention violated substantive due process; (2) his re-detention violated procedural due process;

(3) his continued detention violates 8 U.S.C. § 1226(a); and (4) he is a member of the Bond Eligible Class in *Maldonado-Bautista*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.). Petitioner seeks release, or alternatively, a bond hearing. Petitioner argues he was entitled to a pre-deprivation hearing before being re-detained, given that he was previously released on supervision.

Respondents' answer to the Petition only asserts that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (the "Bond Eligible Class"). Dkt. No. 7 at 2. As such, Respondents contend that Petitioner's relief is limited to, at most, a bond hearing under 8 U.S.C. § 1226(a). *Id.* Respondents did not substantively respond to the Petition—not to the merits of his due process claim and not to the requested relief. Additionally, Respondents did not provide reasoning for the re-detention of Petitioner or set forth any exhibits along with their Answer.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Petitioner argues that his continued detention is a violation of his Constitutional procedural due process rights. Petition ¶ 50. Specifically, he asserts that "non-citizens like [him] are entitled to a timely and meaningful opportunity to demonstrate they should not be re-detained" and that he has been denied that opportunity. *Id.* ¶ 51. Further, he argues that "the failure of Respondents to provide a neutral decision-maker to review [his] custody . . . prior to deprivation of liberty violates [his] right of procedural due process." *Id.* Petitioner argues his private interests which are affected by Respondents' actions are profound and the risk of erroneous deprivation of liberty is high because he is neither a flight risk nor dangerous and was previously released on supervision. *Id.* ¶ 52. Additionally, he provides the government's interest in his continued detention is minimal and the deprivation of his liberty far outweighs that interest where he is not a flight risk nor a danger to anyone. *Id.* ¶ 53–54.

Respondents contend the appropriate remedy would be a bond hearing but do not explain why that is so. They do not provide the lawful basis for Petitioner's detention, respond to his due process claim, or explain their view of the appropriate relief for any meritorious claim. Dkt. No. 7 at 2. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject his claim. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a

particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375–76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

**IV. Order**

For the foregoing reasons, the Petition is GRANTED as to Count Two under procedural due process, and the remaining counts are dismissed without prejudice.

Petitioner Miguel Angel Perez Guzman (A# 205-712-889) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATE: October 1, 2026

Patricia Donahue

Patricia Donahue
United States Magistrate Judge